IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ELIZABETH YOUNG and NICHOLAS KETRON,<br><br>Plaintiffs,<br>v.<br><br>JESSE COLE YOUNG, a Monticello City Police Officer, in his individual and official capacities; KENT ADAIR, Former Monticello City Chief of Police, in his individual and official capacities; CLAYTON BLACK, Monticello City Chief of Police, in his individual and official capacities; TY BAILEY, Monticello City Manager, in his individual and official capacities; RICK M. BAILEY, San Juan Administrator, in his individual and official capacities; SUE REDD, San Juan County Dispatcher, in her individual and official capacities; JOSEPH HARRIS, a San Juan County Sheriff's Deputy, in his individual and official capacities; MONTICELLO CITY; SAN JUAN COUNTY and JOHN DOES 1-5,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [64] SAN JUAN COUNTY DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Case No. 2:17-cv-00082<br><br>District Judge David Nuffer |

Defendants Sue Redd, Joseph Harris, and San Juan County (collectively "San Juan County Defendants") moved for judgment on the pleadings (the "Motion")[1] on the causes of action that Plaintiffs Elizabeth Young and Nicholas Ketron (collectively "Plaintiffs") have

---

[1] San Juan County Defendants' Motion for Judgment on the Pleadings, docket no. 64, filed September 25, 2017.

asserted against them: the second, fourth, fifth, and seventh causes of action of the Complaint.[2] Plaintiffs responded to the motion.[3] The San Juan County Defendants replied in support.[4]

As the following Memorandum Decision explains, the Motion is GRANTED as to the second cause of action, the only cause of action against the San Juan County Defendants which involves a federal question. That cause of action is dismissed with prejudice. The Motion is also GRANTED as to the fourth, fifth and seventh causes of action which are based in Utah state law. Dismissal of these causes of action is without prejudice because pendent jurisdiction will not be exercised over these causes of action.

## BACKGROUND

Plaintiffs allege that on the night of December 2, 2015, Defendant Jesse Cole Young, then an officer with the Monticello Police Department, attempted to enter the home of Plaintiff Young without notice or invitation.[5] Although the home was the marital home of Plaintiff Elizabeth Young and Defendant Jesse Cole Young, they were separated at the time and were abiding by a tacit agreement that they maintain separate residences.[6] Upon entering the home, Plaintiffs allege that Defendant Young assaulted Plaintiff Ketron by throwing Plaintiff Ketron into a sectional sofa, causing Plaintiff Ketron to hit his head on the nearby wall.[7] Defendant Young is also alleged to have shoved Plaintiff Ketron.[8]

---

[2] Complaint and Jury Demand, docket no. 2, filed February 2, 2017.

[3] Plaintiffs' Response to San Juan County Defendants' Motion for Judgment on the Pleadings, docket no. 66, filed October 9, 2017.

[4] Reply Memorandum in Support of San Juan County Defendants' Motion for Judgment on the Pleadings, docket no. 67, filed October 23, 2017.

[5] Complaint ¶ 31 at 9.

[6] *Id.*

[7] Complaint ¶ 32 at 9.

[8] Complaint ¶ 34 at 10.

Plaintiff Young then called 911 and informed the dispatcher, Defendant Redd, of the incident.[9] Plaintiffs then left the home and retreated to an outdoor pavilion on the grounds of a nearby church building.[10] Plaintiffs allege that no emergency responders arrived in the 30 minutes following the call to 911.[11] Plaintiffs allege that Plaintiff Young called 911 a second time and spoke with Defendant Redd once more.[12] Defendant Redd's alleged response to this second call was that emergency services would be dispatched the following morning since it was after midnight.[13] Plaintiffs then got into a vehicle and drove into the nearby mountains to hide for the night.[14] Plaintiffs allege that they did not receive emergency assistance until 10:00 a.m. the following morning.[15] Plaintiffs attribute this late response to Defendant Redd and Defendant Harris.[16]

Plaintiff's Complaint names the San Juan County Defendants in four causes of action: the second cause of action under 42 U.S.C. § 1983 for failure to supervise and/or train Deputy Harris and Dispatcher Redd;[17] the fourth cause of action for due process violations under the Utah Constitution as to Plaintiff Young;[18] the fifth cause of action for due process violations under the Utah Constitution as to Plaintiff Ketron;[19] and the seventh cause of action for intentional

---

[9] Complaint ¶ 35 at 10.

[10] Complaint ¶ 37 at 10.

[11] Complaint ¶ 39 at 10.

[12] *Id.*

[13] *Id.*

[14] Complaint ¶ 42 at 11.

[15] Complaint ¶ 44 at 11.

[16] Complaint ¶ 45 at 11.

[17] Complaint at 15.

[18] Complaint at 20.

[19] Complaint at 21.

infliction of emotional distress.[20] The San Juan County Defendants seek the dismissal with prejudice of each of these causes of action against them.

## STANDARD OF REVIEW

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is evaluated by the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim.[21] The factual details supporting a claim must be great enough to make the claim plausible, rather than merely possible; i.e., "enough to raise a right to relief above the speculative level. . . ."[22] It must be reasonable for a court to draw the inference that the defendant is liable, based on the facts stated.[23] Recitations of elements of a claim and conclusory statements lack sufficient detail, and cannot trigger a court's assumption that all of the statements made in the pleading are true.[24]

## DISCUSSION

### Plaintiffs' Second Cause of Action Does Not Allege
### a Constitutional Violation by San Juan County

Plaintiffs' second cause of action alleges that the San Juan County Defendants employed "unconstitutional policies, customs, practices or inadequate supervision that led to the violation of Ms. Young's and Mr. Ketron's constitutionally protected rights."[25] The United States Supreme Court has determined that "when a § 1983 claim is asserted against a municipality" two separate issues must be analyzed: "(1) whether plaintiff's harm was caused by a constitutional

---

[20] Complaint at 23.

[21] *See, e.g.*, *Myers v. Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013); Fed. R. Civ. P. 12(c); Fed. R. Civ. P. 12(b)(6).

[22] *Bell Atlantic v. Twombly*, 550 U.S. 544, 545 (2007).

[23] *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[24] *Id.*

[25] Complaint ¶ 63 at 15.

violation, and (2) if so, whether the [municipality] is responsible for that violation."[26] As to the second prong, municipal liability under § 1983 arises when the plaintiff can identify "an unconstitutional policy that caused the claimed injury."[27] This liability extends, in a limited fashion, to the failure to adequately train or supervise municipal officers because "a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983."[28]

But the first prong must be met before even considering whether a municipality is liable under the second prong. A "plaintiff must establish that the municipal employees causing the harm *violated the plaintiff's constitutional rights*; otherwise, the municipality cannot be held liable."[29] Alleging an underlying constitutional violation by a municipal officer is therefore absolutely critical to these claims.

Here, Plaintiffs do not identify a constitutionally established right that a San Juan County officer violated. Plaintiffs assert in their second cause of action that Defendant Harris "prevented Ms. Young and Mr. Ketron from obtaining emergency services"[30] and Defendant Redd failed to "ensure that emergency services were dispatched immediately to assist Ms. Young and Mr. Ketron."[31] But as other federal circuits have stated, "there is no federal constitutional right to

---

[26] *Collins v. City of Harker Heights*, Tex., 503 U.S. 115, 120 (1992).

[27] *Washington v. Unified Gov't of Wyandotte Cty., Kansas*, 847 F.3d 1192, 1197 (10th Cir. 2017) citing *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769–70 (10th Cir. 2013).

[28] *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

[29] *Washington* 847 F.3d at 1197 (citing *Trigalet v. City of Tulsa*, 239 F.3d 1150, 1154–55 (10th Cir. 2001) (emphasis added)).

[30] Complaint ¶ 67 at 16.

[31] *Id.*

rescue services."[32] Absent the allegation of the violation of an acknowledged constitutional right, Plaintiffs cannot assert a § 1983 claim against the San Juan County Defendants.

Plaintiffs argue in the Opposition that their Complaint contains factual allegations that the Defendants violated the Plaintiffs' constitutional due process right under either the "special relationship" theory (recognized by the Tenth Circuit in *Schwartz v. Booker*[33]) or the "danger creation theory" (recognized by the Tenth Circuit in *Liebson v. New Mexico Corrections Dept.*[34]).[35] Specifically, Plaintiffs argue that ¶¶ 8, 27, 28, 29, 30, 31, 32, 33, and 34 of the Complaint adequately allege a due process violation under these theories.[36] However, the majority of these facts pertain to Defendant Young's alleged actions on the night of December 2, 2015 and *Monticello City's* alleged supervisory role over its employees. Plaintiffs offer no explanation as to how *these particular facts* specifically support a claim for violation of due process against the San Juan County Defendants.[37] The second cause of action therefore fails to allege a constitutional violation by officers of San Juan County. A judgment on the pleadings in favor of the San Juan County Defendants is appropriate as to this cause of action. It is dismissed with prejudice.

---

[32] *Brown v. Commonwealth of Pennsylvania, Dep't of Health Emergency Med. Servs. Training Inst.,* 318 F.3d 473, 478 (3d Cir. 2003) (citing *Salazar v. City of Chicago*, 940 F.2d 233, 237 (7th Cir.1991) and *Bradberry v. Pinellas County*, 789 F.2d 1513, 1517 (11th Cir.1986)).

[33] 702 F.3d 573, 579-80 (10th Cir. 2012).

[34] 73 F.3d 274, 276 (10th Cir. 1996).

[35] Opposition at 3.

[36] *Id.*

[37] Paragraph 29 of the Complaint does mention Defendant Redd, but that paragraph alleges that she was supervised by Defendant Kent Adair of the Monticello City Police Department in providing emergency services to the City of Monticello. Complaint ¶ 28 at 8. Based on how this allegation is presented, it appears that Plaintiffs intend to use Defendant Redd's actions as a basis to attribute § 1983 liability to Defendant Monticello City.

### The District Court No Longer has Jurisdiction over the Fourth, Fifth, and Seventh Causes of Action Against the San Juan County Defendants

The remaining causes of action against San Juan County—the fourth, fifth, and seventh—are all based in Utah state law. As the only the cause of action which provided federal question jurisdiction over San Juan County has been dismissed, pendent jurisdiction over the San Juan County Defendants as parties and the state law claims related to them will not be exercised.

The Tenth Circuit recognizes that "federal courts are courts of limited jurisdiction" and "[e]ven where a "common nucleus of operative fact" exists, federal jurisdiction is not mandatory over pendent claims or parties."[38] This is because "supplemental jurisdiction is not a matter of the litigants' right, but of judicial discretion."[39]

The United States Supreme Court long ago determined that federal courts should avoid "decisions of state law . . . both as a matter of comity and to promote justice between the parties[.]"[40] "[I]f the federal claims are dismissed before trial . . . the state claims should be dismissed as well[]"[41] and "if it appears that the state issues substantially predominate . . . the state claims may be dismissed without prejudice and left for resolution to state tribunals."[42] The federal supplementary jurisdiction statute, 28 U.S.C. § 1367, codifies these principles as it "provides conditions where district courts may decline to exercise supplemental jurisdiction."[43]

---

[38] *Estate of Harshman v. Jackson Hole Mountain Resort Corp.,* 379 F.3d 1161, 1164, 1165 (10th Cir. 2004).

[39] *Id.* at 1165.

[40] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

[41] *Id.* It should be noted here that forthcoming decisions on dispositive motions stand to dismiss federal claims against the majority of the remaining defendants, further eroding the basis for federal question jurisdiction over this case.

[42] *Id.* at 727.

[43] *Estate of Harshman*, 379 F.3d at 1165.

With the dismissal of the second cause of action, state law causes of action now predominate in the Complaint, in particular as to the San Juan County Defendants. Under 28 U.S.C. § 1367(c)(2), pendent jurisdiction will not be exercised over the San Juan County Defendants and over the causes of action in which they are are named. These claims are dismissed without prejudice so they may be adjudicated in Utah state court.

**ORDER**

IT IS HEREBY ORDERED that the Motion[44] is GRANTED. Plaintiffs' second cause of action as against Defendants Sue Redd, Joseph Harris, and San Juan County is DISMISSED with prejudice. Pendent jurisdiction will not be exercised over the remaining causes of against Defendants Sue Redd, Joseph Harris, and San Juan County—Plaintiffs' fourth, fifth, and seventh causes of action—and these claims are DISMISSED without prejudice.

IT IS FURTHER ORDERED that, in granting this Motion, the pending Motion for Summary Judgment filed by the San Juan County Defendants[45] is MOOT.

Signed September 25, 2018

BY THE COURT

_____
David Nuffer
United States District Judge

---

[44] San Juan County Defendants' Motion for Judgment on the Pleadings, docket no. 64, filed September 25, 2017.

[45] San Juan County Defendants' Motion for Summary Judgment, docket no. 89, filed June 14, 2018.