IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ELIZABETH YOUNG and NICHOLAS KETRON,<br><br>Plaintiffs,<br>v.<br><br>JESSE COLE YOUNG, a Monticello City Police Officer, in his individual and official capacities; KENT ADAIR, Former Monticello City Chief of Police, in his individual and official capacities; CLAYTON BLACK, Monticello City Chief of Police, in his individual and official capacities; TY BAILEY, Monticello City Manager, in his individual and official capacities; RICK M. BAILEY, San Juan Administrator, in his individual and official capacities; SUE REDD, San Juan County Dispatcher, in her individual and official capacities; JOSEPH HARRIS, a San Juan County Sheriff's Deputy, in his individual and official capacities; MONTICELLO CITY; SAN JUAN COUNTY and JOHN DOES 1-5,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [70] MONTICELLO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:17-cv-00082<br><br>District Judge David Nuffer |

Defendants Monticello City, City Manager Ty Bailey, and Chief of Police Clayton Black (collectively "Monticello Defendants") moved for summary judgment (the "Motion")[1] on the causes of action that Plaintiffs Elizabeth Young and Nicholas Ketron (collectively "Plaintiffs") brought against the Monticello Defendants: the first, fourth, fifth, seventh, and eighth causes of

---

[1] Monticello Defendants' Motion for Summary Judgment, docket no. 70, filed February 23, 2018.

action of the Complaint.[2] Plaintiffs responded to the motion.[3] The Monticello Defendants replied in support.[4]

As the following Memorandum Decision explains, the Motion is GRANTED as to the first and eighth causes of action, the only causes of action involving federal questions against the Monticello Defendants. Those causes of action are dismissed with prejudice. The Motion is also GRANTED as to the fourth, fifth, and seventh causes of action. Dismissal of these causes of action is without prejudice because pendent jurisdiction will not be exercised over these Utah state law causes of action.

**Contents**
BACKGROUND ........................................................................................................................... 3
STANDARD OF REVIEW ........................................................................................................... 5
UNDISPUTED MATERIAL FACTS ........................................................................................... 5
DISCUSSION ................................................................................................................................ 7
    Plaintiffs' First Cause of Action Does Not Allege a Constitutional Violation by a Municipal Officer for Which the Monticello Defendants Could Be Held Liable in Their Individual or Official Capacities .................................................................... 7
        1.    Defendant Young's Actions Are Not Actionable under 42 U.S.C. § 1983 Because He Was Not Acting Under the Color of State Law ....................... 8
        2.    The First Cause of Action Does Not Specify a Constitutional Violation by Any Other Municipal Officer................................................................. 10
        3.    In the Absence of a Constitutional Violation by an Employee, Defendant Bailey Cannot Be Held Liable in his Individual Capacity as a Supervisor. ..................................................................................................................... 11
    Plaintiffs' Eighth Cause of Action Does Not Allege a Specific Constitutional Violation by a Municipal Officer for Which the Monticello Defendants Could Be Held Liable ................................................................................................................... 11
    The District Court Will Not Exercise Pendent Jurisdiction over the Fourth, Fifth, and Seventh Causes of Action Against the Monticello Defendants ........................... 12
ORDER ........................................................................................................................................ 13

---

[2] Complaint and Jury Demand, docket no. 2, filed February 2, 2017.

[3] Plaintiffs' Memorandum of Points and Authorities in Opposition to Monticello Defendants' Motion for Summary Judgment, docket no. 78, filed April 9, 2018.

[4] Reply Memorandum Supporting Monticello Defendants' Motion for Summary Judgment, docket no. 83, filed April 23, 2018.

**BACKGROUND**

Plaintiffs allege that on the night of December 2, 2015, Defendant Jesse Cole Young, then an officer with the Monticello Police Department, attempted to enter the home of Plaintiff Young without notice or invitation.[5] Although the home was the marital home of Plaintiff Elizabeth Young and Defendant Jesse Cole Young, they were separated at the time and were abiding by a tacit agreement that they maintain separate residences.[6] Upon entering the home, Plaintiffs allege that Defendant Young assaulted Plaintiff Ketron by throwing Plaintiff Ketron into a sectional sofa, causing Plaintiff Ketron to hit his head on the nearby wall.[7] Defendant Young is also alleged to have shoved Plaintiff Ketron.[8]

Plaintiff Young then called 911 and informed the dispatcher, Defendant Redd, of the incident.[9] Plaintiffs then left the home and retreated to an outdoor pavilion on the grounds of a nearby church building.[10] Plaintiffs allege that no emergency responders arrived in the 30 minutes following the call to 911.[11] Plaintiffs allege that Plaintiff Young called 911 a second time and spoke with Defendant Redd once more.[12] Defendant Redd's alleged response to this second call was that emergency services would be dispatched the following morning since it was after midnight.[13] Plaintiffs then got into a vehicle and drove into the nearby mountains to hide

---

[5] Complaint ¶ 31 at 9.

[6] *Id.*

[7] Complaint ¶ 32 at 9.

[8] Complaint ¶ 34 at 10.

[9] Complaint ¶ 35 at 10.

[10] Complaint ¶ 37 at 10.

[11] Complaint ¶ 39 at 10.

[12] *Id.*

[13] *Id.*

for the night.[14] Plaintiffs allege that they did not receive emergency assistance until 10:00 a.m. the following morning.[15]

Plaintiff Young also alleges that on July 22–23, 2016, Defendant Young held a yard sale and sold items from the marital residence.[16] Plaintiff Young called the Monticello Police and spoke with Defendant Black to report a theft. Defendant Black informed Ms. Young that the property was communal and took no action.[17]

Plaintiff's Complaint names the Monticello Defendants in five causes of action: the first cause of action under 42 U.S.C. § 1983 for failure to supervise and/or train Defendant Young and Defendant Redd;[18] the fourth cause of action for due process violations under the Utah Constitution as to Plaintiff Young;[19] the fifth cause of action for due process violations under the Utah Constitution as to Plaintiff Ketron;[20] the seventh cause of action for intentional infliction of emotional distress;[21] and the eighth cause of action under 42 U.S.C. § 1983 for trespass to chattels as to Plaintiff Young.[22] The Monticello Defendants seek the dismissal with prejudice of each of these causes of action against them.

---

[14] Complaint ¶ 42 at 11.

[15] Complaint ¶ 44 at 11.

[16] Complaint ¶ 121 at 24.

[17] Complaint ¶ 123 at 24.

[18] Complaint at 12.

[19] Complaint at 20.

[20] Complaint at 21.

[21] Complaint at 23.

[22] Complaint at 24.

## STANDARD OF REVIEW

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[23] A factual dispute is genuine when "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[24] In determining whether there is a genuine dispute as to material fact, the court should "view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant."[25] The moving party "bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law."[26]

## UNDISPUTED MATERIAL FACTS[27]

1. At the time Defendant Young entered Plaintiff's Young's home on December 2, 2015, he was not on duty.[28]

2. Defendant Young had driven his personal truck and not his patrol car to the home.[29]

3. Defendant Young was not wearing his uniform or any other police attire.[30]

---

[23] Fed. R. Civ. P. 56(a).

[24] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[25] *Id.*

[26] *Id.* at 670-71.

[27] The parties' briefing includes several purported undisputed material facts that are not included here because they are not material to the resolution of the Motion, not supported by the cited evidence, or are argument and not facts.

[28] Motion ¶ 1 at 5 (undisputed).

[29] Motion ¶ 2 at 5 (undisputed).

[30] Motion ¶ 3 at 5 (undisputed).

4. Defendant Young did not threaten Plaintiff Ketron or Plaintiff Young with a weapon.[31]

5. He did not purport to cite or arrest Plaintiff Ketron or Plaintiff Young.[32]

6. Defendant Young did not say anything about being a police officer.[33]

7. Defendant Young did he show his badge or reference any police business.[34]

8. Plaintiff Ketron or Plaintiff Young were not placed under arrest.[35]

9. At the time that Defendant Redd received Plaintiff Young's 911 call, Defendant Redd was employed by San Juan County.[36]

10. Monticello City did not control or supervise Defendant Redd's conduct.[37]

11. Defendant Bailey was not personally involved in the December 2, 2015 incident nor failed to take any action that led to the incident on that night.[38]

12. There is no evidence that Police Chief Defendant Black took any property that Plaintiff Young complains was wrongfully taken by way of Defendant Young's yard sale.[39]

---

[31] Motion ¶ 4 at 5 (undisputed).

[32] Motion ¶ 5 at 5; Opposition at ¶ 1 at 3 (The evidence cited does not create a genuine dispute of material fact.).

[33] Motion ¶ 6 at 5; Opposition at ¶ 2 at 3 (The evidence cited does not create a genuine dispute of material fact.).

[34] Motion ¶ 7 at 6 (undisputed).

[35] Motion ¶ 12 at 6; Opposition at ¶ 6 at 5–6 (The response offers impermissible legal argument and the evidence cited does not create a genuine dispute of material fact.).

[36] Motion ¶ 26 at 8; (Plaintiffs did not respond to this particular fact in their Opposition. Plaintiffs did offer in their statement of additional facts the purported fact that Defendant Redd worked from the Monticello Police station and was instructed to act for the Monticello Police. Opposition at ¶ 8 at 9. However, the deposition testimony cited does not support the factual assertion. Therefore, the evidence cited does not create a genuine dispute of fact.)

[37] Motion ¶¶ 27–28 at 8. (Plaintiffs did not respond to this particular fact in their Opposition. Plaintiffs did offer in their statement of additional facts the purported fact that Defendant Redd worked from the Monticello Police station and was instructed to act for the Monticello Police. Opposition at ¶ 8 at 9. However, the deposition testimony cited does not support the factual assertion. Therefore, the evidence cited does not create a genuine dispute of fact.)

[38] Motion ¶ 14 at 6; Opposition ¶ 8 at 6 (The evidence cited does not create a genuine dispute of material fact.).

[39] Motion ¶ 31 at 9 (undisputed).

**DISCUSSION**

For the purposes of the following discussion section, the first and eighth causes of action will be analyzed before the other claims since they are the only causes of action which invoke federal question jurisdiction. Following the analysis of those two causes of action, the Utah state law based causes of action, the fourth, fifth, and seventh, will be discussed.

**Plaintiffs' First Cause of Action Does Not Allege a Constitutional Violation by a Municipal Officer for Which the Monticello Defendants Could Be Held Liable in Their Individual or Official Capacities**

Plaintiffs' first cause of action alleges that Monticello City, through City Manager Defendant Bailey (and Defendant former Police Chief Kent Adair[40]), is liable under 42 U.S.C. § 1983 because Monticello City failed to "institute[] a training program for its officers and instructed them about the impropriety and illegality of unlawful detention or other misconduct against citizens during citizen encounters."[41]

The United States Supreme Court has determined that "when a § 1983 claim is asserted against a municipality" two separate issues must be analyzed: "(1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the city is responsible for that violation."[42] For the underlying constitutional violation issue under § 1983, the Tenth Circuit has articulated that a plaintiff must prove two elements: "(1) deprivation of a federally protected right by (2) an actor acting under color of state law."[43]

---

[40] Defendant Adair has filed a separate motion for summary judgment on similar grounds to the Monticello Defendants. *See* Defendant Kent Adair's Motion for Summary Judgment, docket no. 71, filed February 27, 2018.

[41] Complaint ¶ 59 at 14.

[42] *Collins v. City of Harker Heights*, Tex., 503 U.S. 115, 120 (1992).

[43] *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016).

If the predicate constitutional violation is shown, the issue of municipal liability can be considered.[44] The Tenth Circuit has recognized that "[a] municipality may be liable under § 1983 where the plaintiff identifies an unconstitutional policy that caused the claimed injury."[45] The United States Supreme Court has specified that this liability extends, in a limited fashion, to the failure to adequately train or supervise municipal officers because "a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983."[46]

In applying these standards to Plaintiffs' first cause of action under 42 U.S.C. § 1983 against the Monticello Defendants, it is clear that the cause of action must be dismissed because it does not allege a constitutional violation by a municipal employee. The facts are undisputed that Defendant Young was not acting under the color of state law on the night of December 2, 2015. Additionally, the cause of action fails to articulate any other actionable constitutional violation by Defendant Redd. Each of these determinations is discussed below.

1. **Defendant Young's Actions Are Not Actionable under 42 U.S.C. § 1983 Because He Was Not Acting Under the Color of State Law**

In order to state a valid claim against a municipality under § 1983 on the basis of a policy of failing to train officers, a "plaintiff must establish that the municipal employees causing the harm *violated the plaintiff's constitutional rights*; otherwise, the municipality cannot be held liable."[47] An underlying constitutional violation by a municipal officer is therefore critical.

---

[44] *See Trigalet v. City of Tulsa, Oklahoma*, 239 F.3d 1150, 1154 (10th Cir. 2001).

[45] *Washington v. Unified Gov't of Wyandotte Cty., Kansas*, 847 F.3d 1192, 1197 (10th Cir. 2017) citing *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769–70 (10th Cir. 2013).

[46] *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

[47] *Washington* 847 F.3d at 1197 (citing *Trigalet v. City of Tulsa*, 239 F.3d 1150, 1154–55 (10th Cir. 2001) (emphasis added)).

In order to show that the Monticello Defendants are liable under § 1983, Plaintiffs must show that the underlying constitutional violation was "committed by individuals acting 'under color of state law.'"[48] "[B]efore conduct may be fairly attributed to the state because it constitutes action 'under color of state law,' there must be a real nexus between the employee's use or misuse of their authority as a public employee, and the violation allegedly committed by the defendant."[49] "[P]rivate conduct that is not 'fairly attributable' to the [s]tate is simply not actionable under § 1983."[50]

Here it is undisputed that Defendant Young was not on duty on the night in question.[51] It is undisputed that he arrived at Plaintiff Young's home in his personal automobile and not his police cruiser.[52] It is undisputed that Defendant Young was not in uniform.[53] It is undisputed that he did not use his service firearm.[54] It is undisputed that Defendant Young did not display his badge.[55] Finally, it is undisputed that Defendant Young did not place the Plaintiffs under arrest.[56] Defendant Yong was acting in a private capacity and not under the color of state law on the night of December 2, 2015. Plaintiffs therefore cannot use this incident as the predicate constitutional violation required for a claim of municipal liability under 42 U.S.C. § 1983.

---

[48] *Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995) (quoting 42 U.S.C. § 1983).

[49] *Id.* at 493.

[50] *Id.* citing *Rendell–Baker v. Kohn*, 457 U.S. 830, 838 (1982).

[51] *Supra* Undisputed Material Fact 1.

[52] *Supra* Undisputed Material Fact 2.

[53] *Supra* Undisputed Material Fact 3.

[54] *Supra* Undisputed Material Fact 4.

[55] *Supra* Undisputed Material Fact 7.

[56] *Supra* Undisputed Material Facts 5, 8.

## 2. The First Cause of Action Does Not Specify a Constitutional Violation by Any Other Municipal Officer.

Having determined that Defendant Young's actions cannot be used to assert a § 1983 claim against the Monticello Defendants, it must be determined whether Defendant Redd's actions could support such a claim. Plaintiffs allege that Defendant Redd was "a dispatcher, serving . . . with the Monticello City Police Department"[57] and Monticello City "failed to adequately monitor and the evaluate the performance of its officers and dispatchers . . . in deliberate indifference and reckless disregard for the public at large . . . ."[58]

Again, "a municipality may not be held liable where there was no underlying constitutional violation by any of its officers."[59] Here it is undisputed that Defendant Redd is an employee of San Juan County.[60] As Defendant Redd is not municipal employee of Monticello City, her actions cannot attributed to the Monticello Defendants for the purposes of municipal liability under § 1983.

And even if Defendant Redd was an employee of Monticello City, nothing in the first cause of action articulates a *specific* constitutional violation by Defendant Redd. As has been recognized in a previous memorandum decision and order,[61] "there is no federal constitutional right to rescue services."[62] Absent the violation of an acknowledged constitutional right, Plaintiffs cannot assert a § 1983 claim against the Monticello Defendants.

---

[57] Complaint ¶ 55 at 13.

[58] Complaint ¶ 56 at 13.

[59] *Schaffer* 814 F.3d at 1158 (10th Cir. 2016) (quoting *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir.1993)).

[60] *Supra* Undisputed Material Facts 9, 10.

[61] Memorandum Decision and Order Granting [64] San Juan County Defendants' Motion for Judgment on the Pleadings, docket no. 102, filed September 27, 2018

[62] *Brown v. Commonwealth of Pennsylvania, Dep't of Health Emergency Med. Servs. Training Inst.,* 318 F.3d 473, 478 (3d Cir. 2003) (citing *Salazar v. City of Chicago*, 940 F.2d 233, 237 (7th Cir.1991) and *Bradberry v. Pinellas County*, 789 F.2d 1513, 1517 (11th Cir.1986)).

Because neither Defendant Young nor Defendant's Redd's conduct here presents a constitutional violation, no liability under § 1983 can be imputed to Monticello City or its officers, including Defendant Bailey, in their official capacities.

### 3. In the Absence of a Constitutional Violation by an Employee, Defendant Bailey Cannot Be Held Liable in his Individual Capacity as a Supervisor.

It is undisputed that Defendant Bailey was not involved in any of the events of December 2, 2015.[63] Therefore the only way to attribute §1983 liability to Defendant Bailey would be under a supervisory liability theory.[64] Again, however, this claim would fail because, as established above, Plaintiffs have failed to allege a recognized constitutional violation by employees supervised by Defendant Bailey.

Summary Judgment is appropriate for the Monticello Defendants on the first cause of action. It is dismissed as to these Defendants with prejudice.

### Plaintiffs' Eighth Cause of Action Does Not Allege a Specific Constitutional Violation by a Municipal Officer for Which the Monticello Defendants Could Be Held Liable

Plaintiffs' eighth cause of action alleges that Monticello Defendants, through Defendant Black are liable under 42 U.S.C. § 1983 because of the "Monticello City Police Department's unconstitutional policies, customs, practices that led to violation of Ms. Young's property rights."[65] On the face of the Complaint, it is unclear what constitutional violation Monticello City officers are alleged to have committed.

The Complaint does allege that Plaintiff Young called the Monticello Police following a yard sale during which Defendant Young sold property that Plaintiff Young claimed belonged to

---

[63] *Supra* Undisputed Material Fact 11.

[64] *See Cox v. Glanz,* 800 F.3d 1231, 1248 (10th Cir. 2015).

[65] Complaint ¶ 124 at 25.

her.[66] Plaintiff Young Spoke with Defendant Black, who declined to intervene after he informed Plaintiff Young that the property sold was communal.[67] But there is no allegation that *Monticello City* unconstitutionally seized, took possession of, or any way deprived Ms. Young of her property. In fact, it is undisputed that Defendant Black did not take any of the property in question[68] and Plaintiffs offer no argument in their Opposition that summary judgment on this cause of action would be inappropriate

Absent the allegation of an underlying constitutional violation by a municipal employee, a municipality cannot be held liable under 42 U.S.C. § 1983.[69] To the extent that federal question jurisdiction exists over this cause of action and against the Monticello Defendants—due to the invocation of § 1983—it is appropriate to enter summary judgment on behalf of the Monticello Defendants as to this cause of action. It is dismissed with prejudice.

**The District Court Will Not Exercise Pendent Jurisdiction over the Fourth, Fifth, and Seventh Causes of Action Against the Monticello Defendants**

The remaining causes of action against the Monticello Defendants—the fourth, fifth, and seventh—are all based in Utah state law. As the only the causes of action which provided federal question jurisdiction over the Monticello Defendants have been dismissed, pendent jurisdiction over the Monticello Defendants as parties and the state law claims related to them will not be exercised.

The Tenth Circuit recognizes that "federal courts are courts of limited jurisdiction" and "[e]ven where a "common nucleus of operative fact" exists, federal jurisdiction is not mandatory

---

[66] Complaint ¶ 123 at 24.

[67] *Id.*

[68] *Supra* Undisputed Material Fact 11.

[69] *Schaffer* 814 F.3d at 1158 (10th Cir. 2016).

12

over pendent claims or parties."[70] This is because "supplemental jurisdiction is not a matter of the litigants' right, but of judicial discretion."[71]

The United States Supreme Court long ago determined that federal courts should avoid "decisions of state law . . . both as a matter of comity and to promote justice between the parties[.]"[72] "[I]f the federal claims are dismissed before trial . . . the state claims should be dismissed as well[]"[73] and "if it appears that the state issues substantially predominate . . . the state claims may be dismissed without prejudice and left for resolution to state tribunals."[74] The federal supplementary jurisdiction statute, 28 U.S.C. § 1367, codifies these principles as it "provides conditions where district courts may decline to exercise supplemental jurisdiction."[75]

With the dismissal of the second and eighth causes of action, state law causes of action now predominate in the Complaint, in particular as to the Monticello Defendants. Under 28 U.S.C. § 1367(c)(2), pendent supplemental jurisdiction will not be exercised over the Monticello Defendants and over the causes of action in which the they are named. These claims are dismissed without prejudice so they may be adjudicated in Utah state court.

**ORDER**

IT IS HEREBY ORDERED that the Motion[76] is GRANTED. Plaintiffs' first and eighth causes of action as against Defendants Monticello City, Ty Bailey, and Clayton Black are DISMISSED with prejudice. Pendent jurisdiction will not be exercised over the remaining

---

[70] *Estate of Harshman v. Jackson Hole Mountain Resort Corp.,* 379 F.3d 1161, 1164, 1165 (10th Cir. 2004).

[71] *Id.* at 1165.

[72] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

[73] *Id.*

[74] *Id.* at 727.

[75] *Estate of Harshman*, 379 F.3d at 1165.

[76] Monticello Defendants' Motion for Summary Judgment, docket no. 70, filed February 23, 2018.

causes of against Defendants Monticello City, Ty Bailey, and Clayton Black —Plaintiffs' fourth, fifth, and seventh causes of action—and these claims are DISMISSED without prejudice.

Signed September 27, 2018

BY THE COURT

_____
David Nuffer
United States District Judge