# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ELIZABETH YOUNG and NICHOLAS KETRON,<br><br>Plaintiffs,<br><br>v.<br><br>JESSE COLE YOUNG, a Monticello City Police Officer, in his individual and official capacities; KENT ADAIR, Former Monticello City Chief of Police, in his individual and official capacities; CLAYTON BLACK, Monticello City Chief of Police, in his individual and official capacities; TY BAILEY, Monticello City Manager, in his individual and official capacities; RICK M. BAILEY, San Juan Administrator, in his individual and official capacities; SUE REDD, San Juan County Dispatcher, in her individual and official capacities; JOSEPH HARRIS, a San Juan County Sheriff's Deputy, in his individual and official capacities; MONTICELLO CITY; SAN JUAN COUNTY and JOHN DOES 1-5,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING [71] DEFENDANT KENT ADAIR'S MOTION FOR SUMMARY JUDGMENT<br><br>Case No. 2:17-cv-00082<br><br>District Judge David Nuffer |

Former Monticello Police Chief Defendant Kent Adair moved for summary judgment

(the "Motion")[1] on the causes of action that Plaintiffs Elizabeth Young and Nicholas Ketron

(collectively "Plaintiffs") brought against him: the first, fourth, fifth, and seventh causes of

---

[1] Defendant Kent Adair's Motion for Summary Judgment, docket no. 71, filed February 27, 2018.

action of the Complaint.[2] Plaintiffs responded to the motion.[3] Defendant Adair replied in

support.[4]

As the following Memorandum Decision explains, the Motion is GRANTED as to the

first cause of action, the only cause of action involving a federal question. That cause of action is

dismissed with prejudice. The Motion is also GRANTED as to the fourth, fifth, and seventh

causes of action. Dismissal of these causes of action is without prejudice because pendant

jurisdiction will not be exercised over these Utah state law causes of action.

**Contents**

BACKGROUND .................................................................................................................... 3
STANDARD OF REVIEW ................................................................................................... 4
UNDISPUTED MATERIAL FACTS ................................................................................... 5
DISCUSSION ........................................................................................................................ 7
    Plaintiffs' First Cause of Action Does Not Allege a Constitutional Violation  by a
        Municipal Officer for Which Monticello City Could Be Held Liable or for Which
        Defendant Adair Could Be Held Liable in an Individual Capacity ........................ 7
        1.      Defendant Young's Actions Are Not Actionable under 42 U.S.C. § 1983
                Because He Was Not Acting Under the Color of State Law ...................... 9
        2.      The First Cause of Action Does Not Specify a Constitutional Violation by
                Defendant Redd that could impose liability on Monticello City through
                Defendant Adair. ...................................................................................... 10
        3.      The First Cause of Action Does Not Specify a Constitutional Violation by
                Defendant Adair for which he could be individually liable under 42 U.S.C.
                § 1983 ...................................................................................................... 12
    The District Court Will Not Exercise Pendent Jurisdiction over the Fourth, Fifth, and
        Seventh Causes of Action Against Defendant Adair ........................................... 12
ORDER ................................................................................................................................ 14

---

[2] Complaint and Jury Demand, docket no. 2, filed February 2, 2017.

[3] Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendant Kent Adair's Motion for Summary Judgment, docket no. 79, filed April 9, 2018.

[4] Reply Memorandum in Support of Defendant Kent Adair's Motion for Summary Judgment, docket no. 84, filed April 23, 2018.

**BACKGROUND**

Plaintiffs allege that on the night of December 2, 2015, Defendant Jesse Cole Young, then an officer with the Monticello Police Department, attempted to enter the home of Plaintiff Young without notice or invitation.[5] Although the home was the marital home of Plaintiff Elizabeth Young and Defendant Jesse Cole Young, they were separated at the time and were abiding by a tacit agreement that they maintain separate residences.[6] Upon entering the home, Plaintiffs allege that Defendant Young assaulted Plaintiff Ketron by throwing Plaintiff Ketron into a sectional sofa, causing Plaintiff Ketron to hit his head on the nearby wall.[7] Defendant Young is also alleged to have shoved Plaintiff Ketron.[8]

Plaintiff Young then called 911 and informed the dispatcher, Defendant Redd, of the incident.[9] Plaintiffs then left the home and retreated to an outdoor pavilion on the grounds of a nearby church building.[10] Plaintiffs allege that no emergency responders arrived in the 30 minutes following the call to 911.[11] Plaintiffs allege that Plaintiff Young called 911 a second time and spoke with Defendant Redd once more.[12] Defendant Redd's alleged response to this second call was that emergency services would be dispatched the following morning since it was after midnight.[13] Plaintiffs then got into a vehicle and drove into the nearby mountains to hide

---

[5] Complaint ¶ 31 at 9.

[6] *Id.*

[7] Complaint ¶ 32 at 9.

[8] Complaint ¶ 34 at 10.

[9] Complaint ¶ 35 at 10.

[10] Complaint ¶ 37 at 10.

[11] Complaint ¶ 39 at 10.

[12] *Id.*

[13] *Id.*

for the night.[14] Plaintiffs allege that they did not receive emergency assistance until 10:00 a.m. the following morning.[15] Plaintiffs allege that it was Defendant Adair, the Chief of the Monticello Police Department at the time, who was directly responsible for the delay in sending emergency services.[16]

Plaintiff's Complaint names Defendant Adair in four causes of action: the first cause of action under 42 U.S.C. § 1983 for failure to supervise and/or train Defendant Young and Defendant Redd;[17] the fourth cause of action for due process violations under the Utah Constitution as to Plaintiff Young;[18] the fifth cause of action for due process violations under the Utah Constitution as to Plaintiff Ketron;[19] and the seventh cause of action for intentional infliction of emotional distress.[20] Defendant Adair seeks the dismissal with prejudice of each of these causes of action against him.

## STANDARD OF REVIEW

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[21] A factual dispute is genuine when "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[22] In determining whether there is a genuine dispute as to material fact, the court should "view the factual record and draw all reasonable inferences therefrom most favorably to

---

[14] Complaint ¶ 42 at 11.

[15] Complaint ¶ 44 at 11.

[16] Complaint ¶ 43 at 11.

[17] Complaint at 12.

[18] Complaint at 20.

[19] Complaint at 21.

[20] Complaint at 23.

[21] Fed. R. Civ. P. 56(a).

[22] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

the nonmovant."[23] The moving party "bears the initial burden of making a prima facie

demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a

matter of law."[24]

## UNDISPUTED MATERIAL FACTS[25]

1.      At the time Defendant Young entered the Plaintiff's Young's home on December

2, 2015, he was not on duty.[26]

2.      Defendant Young had driven his personal truck and not his patrol car to the

home.[27]

3.      Defendant Young was not wearing his uniform or any other police attire.[28]

4.      Defendant Young did not threaten Plaintiff Ketron or Plaintiff Young with a

weapon.[29]

5.      He did not purport to cite or arrest Plaintiff Ketron or Plaintiff Young.[30]

6.      Defendant Young did not say anything about being a police officer.[31]

7.      Defendant Young did he show his badge or reference any police business.[32]

8.      Plaintiff Ketron or Plaintiff Young were not placed under arrest.[33]

---

[23] *Id.*

[24] *Id.* at 670-71.

[25] The parties' briefing includes several purported undisputed material facts that are not included here because they are not material to the resolution of the Motion, not supported by the cited evidence, or are argument and not facts.

[26] Motion ¶ 1 at 5 (undisputed).

[27] Motion ¶ 2 at 5 (undisputed).

[28] Motion ¶ 3 at 5 (undisputed).

[29] Motion ¶ 4 at 5 (undisputed).

[30] Motion ¶ 5 at 5; Opposition at ¶ 1 at 3 (The evidence cited does not create a genuine dispute of material fact.).

[31] Motion ¶ 6 at 5; Opposition at ¶ 2 at 3 (The evidence cited does not create a genuine dispute of material fact.).

[32] Motion ¶ 7 at 6 (undisputed).

[33] Motion ¶ 12 at 6; Opposition at ¶ 6 at 5–6 (The response offers impermissible legal argument and the evidence cited does not create a genuine dispute of material fact.).

9.      Defendant Redd called Defendant Adair.[34]

10.     Defendant Redd informed Defendant Adair that she had already spoken to an officer on call as well as the county Sherriff.[35]

11.     Defendant Adair then confirmed that he wanted the county to handle anything between Mr. and Ms. Young to avoid any conflict of interest.[36]

12.     Defendant Adair then asked what Ms. Young wanted.[37]

13.     Defendant Redd responded, "Well she wants him. . . she wants it to stop."[38]

14.     Defendant Adair directed Defendant Redd to "see if Avery [the officer on duty] can find [Defendant Young] and tell him to go home and leave her alone."[39]

15.     In response, Defendant Redd stated that the officer on duty had already been to Defendant Young's house and confirmed he was at home.[40]

16.     Since Ms. Young's stated need, to get Defendant Young to stop, had been addressed, Defendant Redd determined that she would "leave [the call] and have it pop open in the morning and then you can . . . if she calls back I'll tell her that an officer will get with her tomorrow."[41]

17.     Defendant Adair did not object to Defendant Redd's stated course of action.[42]

---

[34] Motion ¶ 16 at 7; Opposition ¶ 10 at 5 (The evidence cited does not create a genuine dispute of material fact.).

[35] Motion ¶ 17 at 7 (undisputed).

[36] Motion ¶ 18 at 7 (undisputed).

[37] Motion ¶ 19 at 7 (undisputed).

[38] Motion ¶ 20 at 7 (undisputed).

[39] Motion ¶ 21 at 7; Opposition ¶ 11 at 5 (The evidence cited does not create a genuine dispute of material fact.).

[40] Motion ¶ 22 at 7 (undisputed).

[41] Motion ¶ 23 at 8 (undisputed).

[42] Motion ¶ 24 at 8; Opposition ¶ 12 at 5 (The evidence cited does not create a genuine dispute of material fact.).

18.     At the time that Defendant Redd received Plaintiff Young's 911 call, Defendant Redd was employed by San Juan County.[43]

19.     Defendant Adair did not control or supervise Defendant Redd's conduct.[44]

## DISCUSSION

For the purposes of the following discussion section, the first cause of action will be analyzed before the other claims since it is the only cause of action which invokes federal question jurisdiction. Following the analysis of that cause of action, the Utah state law based causes of action, the fourth, fifth, and seventh, will be discussed.

### Plaintiffs' First Cause of Action Does Not Allege a Constitutional Violation by a Municipal Officer for Which Monticello City Could Be Held Liable or for Which Defendant Adair Could Be Held Liable in an Individual Capacity

Plaintiffs' first cause of action alleges that Monticello City, through Defendant Adair, is liable under 42 U.S.C. § 1983 because it failed to "institute[] a training program for its officers and instructed them about the impropriety and illegality of unlawful detention or other misconduct against citizens during citizen encounters."[45] As Defendant Adair points out in the Motion, although he is identified in the body of the first cause of action, it is unclear from the caption whether the cause of action is being specifically asserted against Defendant Adair in his official or his individual capacity.[46] Because of this ambiguity, the first cause of action will be scrutinized to as Defendant Adair in his official capacity on behalf of Monticello City and in his individual capacity as a municipal officer.

---

[43] Motion ¶ 31 at 10; Opposition ¶ 18 at 7–8 (The deposition testimony cited does not support the factual assertion offered in response. Therefore, the evidence cited does not create a genuine dispute of fact.).

[44] Motion ¶¶ 32–33 at 10; Opposition ¶¶ 19–20 at 8 (The deposition testimony cited does not support the factual assertion offered in response. Therefore, the evidence cited does not create a genuine dispute of fact.).

[45] Complaint ¶ 59 at 14.

[46] Motion at 13.

The United States Supreme Court has determined that "when a § 1983 claim is asserted against a municipality" through its officers, two separate issues must be analyzed: "(1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the city is responsible for that violation."[47] For the underlying constitutional violation issue under § 1983, the Tenth Circuit has articulated that a plaintiff must prove two elements: "(1) deprivation of a federally protected right by (2) an actor acting under color of state law."[48]

If the predicate constitutional violation is shown, the issue of municipal liability can be considered.[49] The Tenth Circuit has recognized that "[a] municipality may be liable under § 1983 where the plaintiff identifies an unconstitutional policy that caused the claimed injury."[50] The United States Supreme Court has determined that this liability extends, in a limited fashion, to the failure to adequately train or supervise municipal officers because "a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983."[51]

As to a § 1983 claim against municipal officers in their individual capacities, a plaintiff must show the same two elements as must be shown for an underlying constitutional violation claim against a municipality: "(1) deprivation of a federally protected right by (2) an actor acting under color of state law."[52]

---

[47] *Collins v. City of Harker Heights*, Tex., 503 U.S. 115, 120 (1992).

[48] *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016).

[49] *See Trigalet v. City of Tulsa, Oklahoma*, 239 F.3d 1150, 1154 (10th Cir. 2001).

[50] *Washington v. Unified Gov't of Wyandotte Cty., Kansas*, 847 F.3d 1192, 1197 (10th Cir. 2017) citing *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769–70 (10th Cir. 2013).

[51] *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

[52] *Schaffer* 814 F.3d at 1155.

In applying these standards to Plaintiffs' first cause of action under 42 U.S.C. § 1983 it is clear that the cause of action as to Defendant Adair in his official capacity on behalf of Monticello City must be dismissed because it does not allege any underlying constitutional violation by a municipal employee. The facts are undisputed that Defendant Young was not acting under the color of state law on the night of December 2, 2015. Additionally, the cause of action fails to articulate any other actionable constitutional violation by Defendant Redd. Likewise, the first cause of action fails as to Defendant Adair in his individual capacity because the first cause of action does not allege that Defendant Adair violated a recognized constitutional right or supervised an employee that did. Each of these determinations is discussed below.

1. **Defendant Young's Actions Are Not Actionable under 42 U.S.C. § 1983 Because He Was Not Acting Under the Color of State Law**

In order to state a valid claim against a municipality under § 1983 on the basis of a policy of failing to train officers, a "plaintiff must establish that the municipal employees causing the harm *violated the plaintiff's constitutional rights*; otherwise, the municipality cannot be held liable."[53] An underlying constitutional violation by a municipal officer is therefore critical.

In order to show that Monticello City, through Defendant Adair in his official capacity, is liable under § 1983, Plaintiffs' must show that the underlying constitutional violation was "committed by individuals acting 'under color of state law.'"[54] "[B]efore conduct may be fairly attributed to the state because it constitutes action 'under color of state law,' there must be a real nexus between the employee's use or misuse of their authority as a public employee, and the

---

[53] *Washington* 847 F.3d at 1197 (citing *Trigalet v. City of Tulsa*, 239 F.3d 1150, 1154–55 (10th Cir. 2001) (emphasis added)).

[54] *Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995) (quoting 42 U.S.C. § 1983).

violation allegedly committed by the defendant."[55] "[P]rivate conduct that is not 'fairly attributable' to the [s]tate is simply not actionable under § 1983."[56]

Here it is undisputed that Defendant Young was not on duty on the night in question.[57] It is undisputed that he arrived at Plaintiff Young's home in his personal automobile and not his police cruiser.[58] It is undisputed that Defendant Young was not in uniform.[59] It is undisputed that he did not use his service firearm.[60] It is undisputed that Defendant Young did not display his badge.[61] Finally, it is undisputed that Defendant Young did not place the Plaintiffs under arrest.[62] Defendant Yong was acting in a private capacity and not under the color of state law on the night of December 2, 2015. Plaintiffs therefore cannot use this incident as the predicate constitutional violation required for a claim of municipal liability under 42 U.S.C. § 1983 against Monticello City and Defendant Adair in his official capacity.

## 2. The First Cause of Action Does Not Specify a Constitutional Violation by Defendant Redd that could impose liability on Monticello City through Defendant Adair.

Having determined that Defendant Young's actions cannot be used to assert a § 1983 claim against Monticello City, through Defendant Adair, it must be determined whether Defendant Redd's actions could support such a claim against Monticello City and Defendant Adair in his official capacity. Plaintiffs allege that Defendant Redd was "a dispatcher, serving . .

---

[55] *Id.* at 493.

[56] *Id.* citing *Rendell–Baker v. Kohn*, 457 U.S. 830, 838 (1982).

[57] *Supra* Undisputed Material Fact 1.

[58] *Supra* Undisputed Material Fact 2.

[59] *Supra* Undisputed Material Fact 3.

[60] *Supra* Undisputed Material Fact 4.

[61] *Supra* Undisputed Material Fact 7.

[62] *Supra* Undisputed Material Facts 5, 8.

. with the Monticello City Police Department"[63] and Monticello City, through Chief of Police

Defendant Adair "failed to adequately monitor and the evaluate the performance of its officers

and dispatchers . . . in deliberate indifference and reckless disregard for the public at large . . .

."[64]

Again, "a municipality may not be held liable where there was no underlying

constitutional violation by any of its officers."[65] Here it is undisputed that Defendant Redd is an

employee of San Juan County.[66] As Defendant Redd is not municipal employee of Monticello

City, her actions cannot attributed to Monticello City or Defendant Adair for the purposes of

municipal liability under § 1983.

And even if Defendant Redd was an employee of Monticello City, nothing in the first

cause of action articulates a *specific* constitutional violation by Defendant Redd. As has been

recognized in a previous memorandum decision and order,[67] "there is no federal constitutional

right to rescue services."[68]

Because neither Defendant Young nor Defendant's Redd's conduct here represents a

constitutional violation, no liability under § 1983 can be imputed to the Monticello City and

Defendant Adair in his official capacity. Summary

---

[63] Complaint ¶ 55 at 13.

[64] Complaint ¶ 56 at 13.

[65] *Schaffer* 814 F.3d at 1158 (10th Cir. 2016) (quoting *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir.1993)).

[66] *Supra* Undisputed Material Facts 18–19.

[67] Memorandum Decision and Order Granting [64] San Juan County Defendants' Motion for Judgment on the Pleadings, docket no. 102, filed September 27, 2018

[68] *Brown v. Commonwealth of Pennsylvania, Dep't of Health Emergency Med. Servs. Training Inst.,* 318 F.3d 473, 478 (3d Cir. 2003) (citing *Salazar v. City of Chicago*, 940 F.2d 233, 237 (7th Cir.1991) and *Bradberry v. Pinellas County*, 789 F.2d 1513, 1517 (11th Cir.1986)).

3. **The First Cause of Action Does Not Specify a Constitutional Violation by Defendant Adair for which he could be individually liable under 42 U.S.C. § 1983**

If the first cause of action can be read as being against Defendant Adair in an individual capacity, it also fails. Again, a plaintiff bringing a § 1983 claim against an individual municipal officer must show "(1) deprivation of a federally protected right by (2) an actor acting under color of state law." However, Plaintiffs' allegation that Defendant Adair was involved in the belated dispatch of emergency services[69] does not represent a recognized infringement of a constitutional right. As stated above, "there is no federal constitutional right to rescue services."[70]

Furthermore, even if the Complaint could be read as seeking to impose §1983 liability on Defendant Adair under a supervisory liability theory,[71] that would also fail. As specified above, Plaintiffs have failed to show a constitutional violation by an employee Defendant Adair supervised. Plaintiffs have failed to show a deprivation of a federally protected right either by, or attributable to, Defendant Adair in his individual capacity. Summary Judgment is appropriate here as well. The first cause of action is dismissed with prejudice as to Defendant Adair.

### The District Court Will Not Exercise Pendent Jurisdiction over the Fourth, Fifth, and Seventh Causes of Action Against Defendant Adair

The remaining causes of action against Defendant Adair—the fourth, fifth, and seventh— are all based in Utah state law. As the only the cause of action which provided federal question jurisdiction over Defendant Adair has been dismissed, pendent jurisdiction over the Defendant Adair as a party and the state law claims related to him will not be exercised.

---

[69] Complaint ¶ 43 at 11.

[70] *Brown,* 318 F.3d at 478.

[71] *See Cox v. Glanz,* 800 F.3d 1231, 1248 (10th Cir. 2015).

The Tenth Circuit recognizes that "federal courts are courts of limited jurisdiction" and "[e]ven where a "common nucleus of operative fact" exists, federal jurisdiction is not mandatory over pendent claims or parties."[72] This is because "supplemental jurisdiction is not a matter of the litigants' right, but of judicial discretion."[73]

The United States Supreme Court long ago determined that federal courts should avoid "decisions of state law . . . both as a matter of comity and to promote justice between the parties[.]"[74] "[I]f the federal claims are dismissed before trial . . . the state claims should be dismissed as well[]"[75] and "if it appears that the state issues substantially predominate . . . the state claims may be dismissed without prejudice and left for resolution to state tribunals."[76] The federal supplementary jurisdiction statute, 28 U.S.C. § 1367, codifies these principles as it "provides conditions where district courts may decline to exercise supplemental jurisdiction."[77]

With the dismissal of the second causes of action, state law causes of action now predominate in the Complaint, in particular as to Defendant Adair. Under 28 U.S.C. § 1367(c)(2), pendent supplemental jurisdiction will not be exercised over Defendant Adair and over the causes of action in which he is named. These claims are dismissed without prejudice so they may be adjudicated in Utah state court.

---

[72] *Estate of Harshman v. Jackson Hole Mountain Resort Corp.,* 379 F.3d 1161, 1164, 1165 (10th Cir. 2004).

[73] *Id.* at 1165.

[74] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

[75] *Id.*

[76] *Id.* at 727.

[77] *Estate of Harshman*, 379 F.3d at 1165.

**ORDER**

IT IS HEREBY ORDERED that the Motion[78] is GRANTED. Plaintiffs' first cause of action as against Defendant Kent Adair is DISMISSED with prejudice. Pendent jurisdiction will not be exercised over the remaining causes of against Defendant Kent Adair—Plaintiffs' fourth, fifth, and seventh causes of action—and these claims are DISMISSED without prejudice.

Signed September 27, 2018

BY THE COURT

_____
David Nuffer
United States District Judge

---

[78] Defendant Kent Adair's Motion for Summary Judgment, docket no. 71, filed February 27, 2018.